Our first case is Wilson v. United States, number 22-1940. I suppose first off, we should thank you for your pro bono volunteering. Excellent work. Thank you. Feel free. Great. Also, are you going to reserve any time? Yes, I'd like to reserve three minutes for rebuttal. That'll be granted. Thank you. Thank you, and may it please the court. Julia Fine for Appellant Markey-Wilson. The District Court erred when it granted summary judgment against Mr. Wilson without any discovery. The District Court reasoned that Mr. Wilson did not intend to offer an expert, yet needed one to win. Both conclusions are incorrect. Mr. Wilson clearly requested an expert in his summary judgment response on JA-79, stating he would, quote, love to have an expert, end quote, and that his case, quote, satisfies the standard for a medical expert to be available later. The District Court abused its discretion by ignoring Mr. Wilson's request, and Mr. Wilson's Pennsylvania Rule 1042.3A3 certification did not preclude him from presenting an expert, as the government argued below, but effectively abandons here. Such state law certificates do not govern FTCA actions, as a growing consensus among circuit courts holds. Well, let's drill down a little bit on that. You know we've got our Ligon-Reading case, which you dealt with. And the District Court, in a footnote, mentioned, hey, maybe Ligon-Reading doesn't apply in this particular context, because that dealt with Erie and other considerations, and this is an FTCA case. You developed that in your brief a little bit. Maybe you could address that. Sure. Yes, Your Honor. Ligon-Reading either does not control this case, because it is an FTCA action as opposed to a diversity, or in the alternative, Ligon-Reading is incorrect to the extent it deemed there to be no conflict between the federal rules governing pleadings and Pennsylvania Rule 1042.3. So I'll first turn to why Ligon-Reading does not govern, because it was in the Erie context. Right. So once it had dealt with what it said was a lack of conflict between the federal rules, it turned to the Erie determination and said that the Pennsylvania rule was substantive under Erie because it was outcome determinative. You see, the Erie rule, the Erie determination focuses heavily on forum shopping and avoiding the inequitable administration of the laws. But in the FTCA context, where there is not a concern about forum shopping, given the exclusive federal jurisdiction over these claims, that is not the correct way to go about determining what is substantive versus what is procedural. In the FTCA, we want to look first to the text, and we see that the FTCA talks about the government defendant being liable to the same extent. And so you have courts, including the Second Circuit in Corley, which was following on from a District of Connecticut decision in Shields. And we also see Pledger in the Fourth Circuit talking about this. But they say that being liable to the same extent is not the same as looking at whether the litigation outcome is the same, which is the determination. I see your friends in the government eventually engaged in that a little bit and agreed with you, I guess, on the FTCA and what that brings. Yes. The government did, in its supplemental filing, it did agree that the FTCA incorporates only state laws to the extent they serve as a source of substantive liability. It did not then state whether it believed the Pennsylvania rule in question was substantive or procedural. But I imagine they will argue that it is substantive. But that is wrong, and that is for a few reasons. The Pennsylvania rule does not at all govern or regulate the rights of litigants and remedies that the state law sets out. The Pennsylvania common law governing medical malpractice is what sets out those requirements and what actually governs the scope of and the extent of substantive liability. The Pennsylvania rule is housed in the Pennsylvania rules of civil procedure. And the Pennsylvania rules of civil procedure, there is a similar Pennsylvania rules enabling act, so to speak. And that is found in 42 Pennsylvania consolidated statutes, section 1722. And it says that the Pennsylvania Supreme Court, when it promulgates the Pennsylvania rules of civil procedure, has the power to prescribe rules governing the practice, procedure, and the conduct of courts. And only if such rules neither abridge, enlarge, nor modify the substantive rights of any litigant. So clearly in Pennsylvania, this rule of civil procedure is viewed as procedural. It doesn't actually speak to the scope of the substantive right. It's just a procedural gatekeeping mechanism that, once a litigant satisfies it, allows them to unlock the gates of further pleading and discovery. Breyer, you mentioned about the rule happens to be in the Pennsylvania rules of procedure. Is that dispositive? It's not dispositive, but it is certainly a factor that courts have looked to, you know, with the placement of these rules, whether it's in a statute or in the rules of civil procedure. You see the Fourth Circuit in Pledger discussing the fact that the West Virginia requirement, certificate of merit requirement, is housed in the rules of court practice and procedure. But there it was in a statute. And you actually see Judge Quattlebaum did dissent in Pledger. But his analysis as to the substantive versus procedural and the factors that he looked to actually cut in favor of him deeming the Pennsylvania rule to be procedural. And he noted that he thought it was a factor that the West Virginia requirement was not housed in its rules of civil procedure. He also discussed the substantive goals of the West Virginia rule, and that being that it was intended to lower health care costs for providers and for consumers. Whereas here, you see the Pennsylvania Supreme Court in Womer discussing the goals of the Pennsylvania certificate. And those goals are simply just a kind of weed-out mechanism because Pennsylvania Supreme Court had noticed that there were many of these professional negligence claims being filed in Pennsylvania courts. And it was looking to unclog court congestion and relieve the burdens on courts. And that is a procedural goal. That is not affecting substantive rights of people outside the conduct of the litigation. Could I ask you a little bit about how we should sequence these questions? I mean, how much should we or shouldn't we reach? Because you have multiple fallback arguments here. If we decide that discovery of the medical records might have been enough, do we even get to the certificate of merit question? Yes, Your Honor. You should reach the certificate of merit requirement even if you decide that we are right on our medical records argument and you want to remand on that basis. And that is because this Court should help the district court determine what the scope of the remand looks like and whether or not Mr. Wilson will be allowed to eventually present an expert testimony. I imagine that the government might argue below, as it did previously in the district court, that Mr. Wilson's 1042.3A3 certification precludes him from presenting an expert. And so it would be helpful for this court to tell the district court on remand whether or not that certificate. So we should say something about certificate of merit. But let's say that should we decide the FTCA doesn't incorporate the certificate of merit requirement? Should we address whether there's a conflict with the federal rules or not? Should we address Schmiegel and continuing vitality? I mean, what should or shouldn't we get to here? Your Honor, if you decide, if you agree with us that this rule is procedural and not incorporated into the FTCA, I don't believe you need to reach the question of the continued vitality of Ligonretting and Schmiegel. Because the FTCA, as the government agrees, only incorporates state laws to the extent they serve as the sources of substantive liability. It does not incorporate procedural rules. So your inquiry is going to be finished once you determine that it is procedural. If it's to the extent that you don't find it fully, you don't fully agree that it's procedural and maybe you think there's a question, then you would have to turn to the potential conflict analysis to see whether or not you think the federal rules displace the state requirement. But you don't necessarily need to get there. But I can certainly address the displacement argument that we filed, we addressed in our letter briefs. Before we get there, I want to hear about the exceptional circumstances carve out. Sure. You know, the district court didn't really consider that. Let's say we think it should have. Should we just kick it on that and say, okay, you know, that's enough here? Your Honor, that is an option. You could simply remand to the district court because it did not address Mr. Wilson's discovery request or consider whether exceptional circumstances applied. But I think it would be more helpful to the district court and to future litigants to give guidance on the certificate of merit issue. And while we do argue for the exceptional circumstances exception, and we do believe Mr. Wilson has made out a credible case given the circumstances of the pandemic, there are not many examples of Pennsylvania courts actually giving substance to what the exceptional circumstances requirement entails and what qualifies. So it would be a little more difficult for the district court to determine on remand on that basis just because they will have to look to Pennsylvania law to try to predict how the Pennsylvania Supreme Court would deal with it. So I think it would be easier for the district court for you to determine the federal law questions or at least give guidance on some of the other state law grounds that we raise, such as the fact that the explanatory note is not actually part of the rule and is not binding on courts. And the fact that the explanatory note really only precludes, per the text, only precludes those plaintiffs whose attorneys have certified. I think those would be better grounds, but certainly you could remand to the district court on the exceptional circumstances basis. I can briefly address the Shady Grove argument that we made in our letter briefs. So Shady Grove asked, or the framework set out by Shady Grove is whether the federal rules and the state law answer the same question. And here that question is what filings are required for a case to proceed beyond the pleading stage and into discovery. The federal rules governing pleading say what you need is a short and plain statement of the claim that states a plausible claim for relief. The Pennsylvania certificate requirement adds on to that by saying that you need the certificate of merit to progress beyond that stage. So because the federal rules and state law answer the same question and state law adds these additional requirements, the federal rule displaces that law. Ligon Redding and Schmeigel did not perform that analysis. So it was not following Shady Grove. So this court certainly could, sitting as a panel, overrule those cases. But as we discussed, as I was answering to Judge Bevis earlier, this court need not, given our other arguments. If there are no further questions on that ground, I could turn to just the issue of the fact that the district court just prematurely granted summary judgment because there had been no discovery in the case. I guess that's what makes this case so challenging, right? And it's what your adversary is going to sum up as saying it's a poor vehicle to get into these complex questions. I mean, you raise two very intriguing points. There's this eerie problem with the federal rules. Don't worry about that. Thank you. And there's this question about the scope of the rule. Does it apply to pro-state petitioners? Does the applicant guidance note really govern to change? All these things are the kinds of things that make for very satisfying appellate decisions, right? But then there's also the fact that there is exceptional circumstances raised. And was that really considered? And they never really got through that before granting the summary judgment motion. So couldn't this just be a result of the simpler path of saying the 56 analysis perhaps was deficient? Let's look at that first before we wade into these complicated waters. Your Honor, I agree that is certainly an option for this court. You can vacate the district court's decision and remand on that simpler grounds. We simply submit that this court can feel like it can address the purely legal issues of the certificate of merit requirement, given that they have been fully briefed, now not twice. And it is, again, a purely legal issue that wouldn't need further factual development from the district court, and it would be quite helpful to litigants going forward, given that this has been an open issue for years. But I certainly take your point, and I fully agree that that is an odd. A simpler path is an option for you, and I do not dispute that. Okay, thank you, counsel. We'll hear from you on rebuttal. Thank you very much. You may proceed. Good morning, Your Honors, and may it please this Court. Katherine Potty for the United States. I'd like to take a step back and focus on where we are in this case. At issue on appeal is the district court's summary judgment order, a determination about whether a plaintiff had put forth sufficient evidence to prove his claim. The court determined that given the requirements of Pennsylvania tort law and the medical complexities of this case, he did not. Plaintiff now says that the court's issuance of the summary judgment order was premature three years into the case and that this was an abuse of discretion. But the failure to file a Rule 5060 affidavit or anything like it is fatal to that argument. This court has required strict compliance with Rule 5060 in all but the most exceptional circumstances where it might excuse a failure to comply with the technical requirements of Rule 5060. Why was he bound not to present expert testimony? What representation did he make that would bind him to not present expert testimony? So the note to subsection A3 indicates that absent exceptional circumstances, a party that makes a certification under the subsection A3, that expert testimony is not necessary, is precluded. But Ms. Fine is right. That's not binding law. And where's the representation he made that he wasn't going to present expert testimony? Well, I do want to be clear that that did not govern the proceedings below. The government did and does make all reasonable arguments in its favor. And if Plaintiff had presented expert testimony at summary judgment, despite his certification to the contrary at the motion to dismiss stage, that might have been an issue. But there's nothing to argue about in that respect here, because whether or not he was precluded from presenting this evidence, he didn't. Okay. Fine. That's a fair response. But let's set aside expert testimony. Why shouldn't he have gotten discovery of his medical records? Do you think it probably would have made a difference? But surely it's at least possible that his doctor said something that would strengthen his case. Your Honor, it was his burden to present evidence supporting the existence of a genuine issue of material facts. But he's asking for discovery. He has not detailed any efforts that he made at all to get his medical records. He does not say he ever asked for his medical records. He does not say that he received any resistance from the government in receiving them. He does point to the existence of the pandemic with respect to getting an expert certification. But he does not actually say that the pandemic itself prevented him from getting his medical records. And this Court has consistently required plaintiffs who are arguing that summary judgment was premature for lack of discovery to identify these facts. And, as this Court has said, affirmatively demonstrate that they have taken diligent efforts in order to get these facts up by the summary judgment stage. The District Court granted summary judgment to the United States not because he stumbled over some procedural hurdle, but because he failed to present enough evidence to satisfy his burden under Pennsylvania tort law. The District Court was especially solicitous of plaintiffs' circumstances and needs here, and granted extension after extension. But don't you have to keep in mind the context? I mean, it was during COVID, and he's incarcerated. I mean, it's difficult to locate somebody who's going to be able to do a full examination and be what you need an expert to be in those circumstances, no? Absolutely it is difficult, Your Honor, and that is why the District Court gave continued extensions. I think it is very important to note that the District Court issued its summary judgment order only after a plaintiff had requested that his case be removed from the pro bono panel. So it is not true that- Well, he wasn't getting many bites, as it were, right, on the pro bono panel. That's right, Your Honor, but the plaintiff did have a role in dictating the circumstances or the timing and the pace of the case in summary judgment. And the court also, after this year-long wait for counsel, offered 45 days for a plaintiff to offer any additional submissions with respect to summary judgment. He did not say that he had been trying to procure either expert testimony or any other materials he needed for discovery, and he did not say that he needed additional time. He submitted no additional materials at that point. And it is not true or fair to say that there was an outstanding request under Rule 56D. This court did pay close attention to this case, which is why it so responsibly put the case on the panel, and the District Court did not ignore any 56D requests. It's just that there was none in the summary judgment response. Given that he's pro se, shouldn't he have been construing it even more charitably than that as a 56D? Your Honor, the District Court, I think, did construe the filings in plaintiff's favor, but there has to be something to point to to find a request for more time or for more discovery in the summary judgment response. All right. I don't know if my colleagues want to talk more about the threshold issue, but I'd like to spend some time on the Certificate of Merit issue. So what's your best argument that the Certificate of Merit is a rule of liability? I don't mean under Erie, but something that changes the manner or extent of liability under the FTCA. So Pennsylvania has determined that in this particular class of cases, plaintiffs needed to establish this burden, establish that they could have some chance of proving their case earlier in the case. And this is a particular rule that Pennsylvania has adopted for this class of cases. And as this Court explained in Schmeigel, decided that it would be unfair to expose defendants to meritless claims when the plaintiff cannot even put forth this threshold showing of evidence. Right. But I mean, what makes that bear on the manner or extent of liability? You know, Shady Grove, obviously. New York had a rule that said, we think it's unfair to expose these defendants to class action liability. And yet the Supreme Court said, well, that doesn't, even for these purposes, that's not enough. So what makes this rule different from that rule, that it bears on who should be liable for what kinds of wrongs and what amount? The Certificate of Merit requirement here is very closely bound up with the evidentiary showing required under Pennsylvania law. And that itself is, you know, intimately related to the substantive requirements that plaintiff must meet. And the Supreme Court in Shady Grove did not say that, focus mostly on the conflict between New York law and Rule 23, rather than focusing specifically on what New York was doing in enacting this law. And just said that there was a direct conflict. Here, I want to point out that the other published circuit decisions that have found there to be a conflict, all point to the procedural prerequisite that these, some of these other Certificate of Merit statutes impose on the filing of a complaint. So in Gallivan, the Sixth Circuit said that the Ohio rule there imposed a heightened pleading standard, nothing more. In Corley, the case was in the, the court was considering a motion to dismiss for failure of service of process. And so these are just prerequisites to the filing of the complaint. In Pledger, the court cited approvingly to Young, the Seventh Circuit case, and Pledger concerned the service of a Certificate of Merit as also as a prerequisite to even filing the case. And in Young, the Judge Easterbrook in the Seventh Circuit did, found that the seventh, the Illinois requirement did impose some procedural, had some procedural aspects, imposed some procedural requirements, but that there was also this substantive concern that was being addressed by the rule, which was to weed out these meritless claims at an earlier stage of litigation, and that these substantive conditions of liability would be enforced through the appropriate procedural mechanism, which as the court explained in Young, is summary judgment. Could you, could you engage with your adversary's argument on, on distinguishing Ligon-Reading? Absolutely, Your Honor. So there is some common ground, as you observed, that the analysis under Erie and Shady Grove in diversity cases does consider some aspects that are not relevant to the But this court did determine, first, not only that there is no conflict with the federal rules, and that holding has been reaffirmed by Schmiegel, but also that this is substantive law. And the court was not struggling with an argument about procedural prerequisites here, mostly because that's not how Pennsylvania is. Substantive for purposes of Erie. But that's not the same analysis as substantive for purposes of the FTCA. I mean, Ms. Fine opened with a powerful argument that Erie has a real forum shopping concern. You don't get forum shopping in FTCA cases, right? That's right. And we absolutely agree that the analysis can be somewhat different because of these other concerns that are taken into account. Right. The end of your letter brief basically conceded they don't have to track. Not that they don't have to track, Your Honor, but that they, they are not exactly the same. But Ligon Redding and Schmiegel are instructive to the extent that they do. Why follow that instruction, I think, is the question. I mean, I think if it is you right, they don't track precisely. There is a different underlying substantive concern. What complication would arise from saying that Ligon Redding doesn't control FTCA cases? And you just have two different ways of looking at this question. Well, that is the approach that Judge Easterbrook did take in Young, Your Honor, to say that there is an underlying substantive concern and that this is a slightly different context from the prior diversity case that had been considered in the Seventh Circuit. But that still, under the Illinois law, nonetheless, did contain some substantive requirements that could be and were imposed in summary judgment. And I do think it is critical. Without form shopping, if the government is concerned with that, what is the concern? The concern is exposing the government to liability beyond what has been authorized by the FTCA because the FTCA only imposes liability to the same extent as defendants are exposed in state law, in the law of the place in which the tort occurred. And the Supreme Court has said that this does incorporate the whole law of the place in which the tort occurred, and I do recognize that this does sometimes present difficult issues. But the issue about the substantive requirements that are bound up with the plaintiff's burden of proof here plainly does have some substantive aspect in achieving a particular substantive goal in this class of cases out of a concern about exposing defendants to liability or litigation where there are meritless claims. And I do, of course, want to emphasize that there is the antecedent threshold issue about whether a plaintiff had proved his case at summary judgment. Deciding whether the certificate of merit requirement applies or doesn't apply does not get the court any further to answering that question, and that is the order that is on appeal. The United States did withdraw its motion to dismiss on certificate of merit grounds below, so the sufficiency of the evidence and perhaps the- So you answered and then moved to first summary judgment, right? That's right, Your Honor, after withdrawing the motion to dismiss. But again, part of the point of the certificate of merit requirement is to identify whether a plaintiff will be able to prove his case or not. At summary judgment, the plaintiff was not able to prove his case because he was not able to offer expert testimony. And it is not because he said- It is not necessarily because he said that he wasn't going to. It's because the same obstacles or whatever prevented him from doing so at the certificate of- when the government requested the certificate of merit are the same sorts of obstacles that prevented him from being able to prove his case at the summary judgment stage. So there is no- The district court was very clear that this summary judgment ruling did not turn on the applicability of the Pennsylvania statute, the certificate of merit statute. If there are no further questions, we ask this Court to affirm. Thank you, counsel. And we'll hear rebuttal. Thank you, Your Honor. I'd just like to make a few points. So first, I'll address the government's argument that there was no discovery request here and that because there had been no 56D affidavit and that Mr. Wilson is not specific enough. Mr. Wilson did substantively comply with the 56D requirements in his summary judgment response. He specifically pointed to expert testimony and his medical records as the discoverable items that could bear on the government's summary judgment motion. And he explained that COVID-19 presented particular difficulties for him in getting those- in getting that kind of discovery. And I also would like to address just the timeline of this litigation to explain why Mr. Wilson did not engage in the discovery process and also to explain why it is a little strange to see the government running away from the certificate of merit requirement given its litigation strategies below. So Mr. Wilson filed his complaint in September of 2017. In November, he was notified for the first time about the certificate requirement and the government said that it was going to move to dismiss his case very early because he had not filed the certificate. And so eventually he did file his A3 certification that an expert was unnecessary under protest because he had such difficulty during COVID-19 trying to find an expert. The government immediately then moved for summary judgment- the same day on the basis that he would be precluded by the force of his certificate from presenting expert testimony. The government- the district court, it is true, did not specifically state that he would- that it agreed that he would be precluded by force of the certificate requirement. But it didn't give any other grounds as to why he would not later be able to present expert testimony. So we believe that the certificate requirement is fairly presented here. And also in terms of why he did not engage in the discovery process, clearly COVID-19, for which lasted for around two years, posed particular difficulties. You know, he would not have been able to have an expert come into the prison. The law library was closed. The prison was on constant lockdown. And then his case was placed on the pro bono panel for a year. This court has explained in cases like Parham that the discovery process is quite difficult for incarcerated litigants. So it makes sense that when he thought he was about to get an attorney, he did not affirmatively engage in discovery steps. And then finally, briefly, I would just like to turn to the certificate of merit requirement. The government says that the certificate of merit requirement is intimately related with the substantive medical malpractice law in Pennsylvania. And that is not true. The certificate requirement is purely a gatekeeping mechanism. It doesn't then come in to aid the adjudication. I see my time. Finish your sentence. Thank you. It does not do anything to contribute or change the scope of substantive liability or speak to the adjudication of the claim on the merits. So it is not intimately related with the substantive requirements of Pennsylvania malpractice. That last part there, I'm wondering about that. How does it not change the adjudication on the merits if there's not going to be expert testimony? I mean, I understand it's certainly going to change the outcome of the disposition, right? I mean, not the ultimate ruling, but the way in which the court considers it, isn't it? Yes, Your Honor, but that does not mean that the certificate requirement speaks to or does anything to regulate the rights and the remedies that are available to litigants. The Pennsylvania certificate requirement, to the extent there is a certification under 8-3, merely serves as a preclusive evidentiary measure that prevents certain litigants from being able to present expert testimony. But it doesn't change the requirement that in most medical malpractice cases an expert is necessary. So it doesn't change whether or not the litigant will be able to win or lose. It just makes it a little harder. But that doesn't change the ultimate ability or the scope of substantive liability. Okay, thank you, counsel. Thank you.